IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARVEY MILLER, #S-00346,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-cv-0314-SMY |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **JOHN BALDWIN, STEPHEN DUNCAN,** | ) |
| **RICHARD MOORE, BETH TREDWAY,** | ) |
| **LORI CUNNINGHAM, PHIL MARTIN,** | ) |
| **JOHN COE, TAMMY KIMMEL,** | ) |
| **BROOKS, and HIGGINS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. All of the Plaintiff's claims stem from the same Eighth and Fourteenth Amendment theories of liability for deliberate indifference to his medical conditions. His claims arise from time he spent at the Lawrence Correctional Center ("Lawrence") from approximately 2013-May 2016. Plaintiff alleges deliberate indifference to his serious medical needs by Lawrence medical staff and their employer, Wexford Medical Source, Inc.. He also alleges deliberate indifference on behalf of Illinois Department of Corrections ("IDOC") staff and administration for the named Defendants' failures to respond to his medical grievances, to ensure he was receiving appropriate medical care, or to staff the institution with competent medical staff. In relation to the claims against medical personnel, Plaintiff names Defendants Wexford Health Source, Inc., John Coe (doctor), Tammy Kimmel (nurse), Brooks (nurse) and Higgins (nurse). In relation to the claims against IDOC personnel, Plaintiff names

John Baldwin (IDOC director), Stephen Duncan (warden), Richard Moore (assistant warden), Beth Tredway (assistant warden of programs), Lori Cunningham (director of nursing) and Phil Martin (medical administrator).[1]

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Notably, the Court is now reviewing the First Amended Complaint, as the initial Complaint was dismissed for failure to state a coherent and cognizable claim. (*See* Doc. 9).

## Background

In 2013 the Plaintiff began seeking medical care from providers at Lawrence (Doc. 1 at 5-6). He sought treatment for pain in his abdomen, rectal bleeding, bloody stool, a mass in his abdomen, and a mass on his testicle (*Id.*). On August 2, 2014, Plaintiff was seen by a medical provider, and the notes reflect vomiting and black stool (*Id.* at 6). On August 3, 2014, the Plaintiff was seen again, and the notes reflect that he complained of ongoing pain and showed medical staff bloody toilet tissue (*Id.*). Plaintiff alleges that he continued to visit the medical providers throughout 2015 and 2016, and that he constantly sought and requested various testing and treatment, but was denied care. Plaintiff claims that he has an extensive family history of cancer, and requested blood cancer tests repeatedly. He alleges that on one occasion, Dr. Coe told him that Wexford and Defendant Duncan "get mad at him when he spends money from the budget on inmates" (*Id.*).

---

[1] These individuals will be labeled collectively as the "administrators" for ease of reference.

Plaintiff claims that the denial of treatment constituted cruel and unusual punishment and deliberate indifference to his serious medical needs (*Id.*). He alleges that Defendants Wexford, Coe, Kimmel, Brooks and Higgins acted in furtherance of a formal or informal policy to delay and minimize medical treatment provided at Lawrence in order to increase Wexford's profitability (*Id.* at 7). Plaintiff alleges that, in furtherance of the profitability scheme, the Defendants actions were intentional, deliberate, and contrary to sound medical care (*Id.*).

Additionally, Plaintiff alleges that the administrators acted with deliberate indifference to his serious medical needs by refusing to act upon grievances he filed regarding his conditions and failing to otherwise take steps to properly oversee and administer medical care at Lawrence (*Id.* at 8-9). He further alleges that by failing to properly address his medical grievances or to maintain a functioning medical care system, these Defendants were deliberately indifferent to the consequences of their actions and that they caused delayed treatment and unnecessary suffering (*Id.* at 9-11).

Plaintiff seeks injunctive and monetary relief from both the medical defendants and the administrative defendants (*Id.* at 8, 11).

**Discussion**

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims, the enumeration tracks with that designated by counsel in the First Amended Complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1:** Eighth Amendment deliberate indifference to a serious medical condition claim against medical provider Wexford and its care providers at Lawrence; and,

> **Count 2:** Eighth and Fourteenth Amendment deliberate indifference and failure to respond to grievance claims against IDOC administrators for their handling of Plaintiff's medical needs and grievances at Lawrence.

Count 1 shall be allowed to proceed against Defendants Wexford Medical Source, Inc. and Dr. Coe. Count 1 shall be dismissed as to Defendants Kimmel, Brooks and Higgins. Count 2 shall be dismissed in its entirety against all administrator Defendants.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per curiam). To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent—deliberate indifference—towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Put differently, a plaintiff must make a two part showing—(1) that his condition is objectively serious, and that, (2) subjectively, the treating physician intentionally and deliberately failed to provide adequate care. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.* As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).

If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369.

At this early stage in the § 1915A screening, the Plaintiff has identified sufficiently serious medical conditions to potentially state a claim for deliberate indifference. His conditions include chronic abdominal pain, bloody stool and unidentified masses on his abdomen and testicles, among other things. Under controlling precedent, these conditions are substantially similar to others that have been found to constitute objectively serious conditions. *See Gutierrez*, 111 F.3d at 1369 (noting that a common cold or minor asthma attack may not be serious, but that a topical skin cyst could be serious).

The subjective analysis differs for Wexford—a corporate entity—and Defendants Coe, Kimmel, Brooks, and Higgins. Wexford is a corporate entity and is therefore treated as a municipality for § 1983 purposes. *See Jackson,* 300 F.3d at 766, n.6. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). To recover under current precedent against a corporate defendant such as Wexford for deliberate indifference to a serious medical condition, a Plaintiff must "offer evidence that his injury was caused by a Wexford policy, custom, or practice of deliberate indifference to medical needs, or a series of bad acts that together raise the inference of such a policy." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 796 (7th Cir. 2014) (finding that the plaintiff's disjointed allegations about improper care from various Wexford doctors did

constitute a series of bad acts, and noting that plaintiff did not allege a policy or custom of deficient care).

Here, Plaintiff has pled minimally sufficient allegations to state a potential claim against Wexford by alleging that Wexford had a formal or informal policy of delaying and minimizing care in order to increase its profitability. Further, Plaintiff alleged that one of Wexford's doctors—Dr. Coe—specifically told the him that outside referrals were discouraged to keep costs low. Though these allegations are very bare, unlike the facts in *Shields*, they do explicitly identify a policy—cost cutting—that may be related to the lack of medical care. Accordingly, at this juncture, the Court cannot dispose of Count 1 against Wexford Medical Source.

Next, as to the individual medical providers, Plaintiff explicitly alleges that he was seen by Dr. Coe and was refused a referral to external care providers. In light of the medical symptoms the Plaintiff allegedly was experiencing, Dr. Coe's denial of care could potentially state a viable claim for deliberate indifference to a serious medical condition. Thus, Count 1 will be allowed to proceed against Dr. Coe.

By contrast, the Complaint does not identify any specific actions taken by medical defendants Kimmel, Brooks, or Higgins. Accordingly, these three defendants will be dismissed without prejudice because § 1983 requires personal action, and no personal action has been identified on behalf of these individuals. *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation").

In sum, Count 1 will proceed as to Wexford Medical Source, Inc., because the Plaintiff has identified a policy that may lead to deliberate indifference to medical needs. Count 1 will also proceed against Dr. Coe, because the Plaintiff has specifically identified symptoms that Dr.

Coe declined to address in favor of keeping costs low. Count 1 will be dismissed as to Defendants Kimmel, Brooks, and Higgins, because the Plaintiff has not alleged any personal actions on behalf of these Defendants.

## Count 2

Count 2 alleges deliberate indifference to Plaintiff's medical needs on behalf of various IDOC administrators for their roles in fielding grievances and generally maintaining or overseeing an adequate medical care system in the prison facility. Many of the same principles discussed in relation to Count 1 are applicable to this Count. However, there is an added level of scrutiny regarding these defendants because the Plaintiff appears to be identifying them in their individual and supervisory capacities.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper*, 430 F.3d at 810. Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Moreover, to the extent an official capacity claim is allowed to proceed against an official, it may only proceed with respect to injunctive relief, because the Eleventh Amendment bars monetary recovery for official capacity claims. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005).

Here, Plaintiff has not identified sufficient individual activities or awareness on behalf of the administrators—Defendants Baldwin, Duncan, Moore, Tredway, Cunningham or Martin—to state viable claims for deliberate indifference or failure to maintain adequate healthcare facilities at the institution. Plaintiff did not indicate that any of these individuals specifically received written grievances from him and failed to act, nor does he allege any specific means through which these individuals learned of his serious medical needs and chose to ignore them. For

written notice to prison administrators to form a basis for deliberate indifference, the plaintiff "must demonstrate that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quotation omitted). Moreover, an official's basic mishandling or denial of a grievance or administrative complaint does not constitute deliberate indifference if said action does not cause or contribute to the violation. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Here, Plaintiff's Complaint lacks any details about how the administrators became aware of his medical needs, or if they denied his needs via the grievance procedure or otherwise. Thus, the blanket allegation that Baldwin, Duncan, Moore, Tredway, Cunningham and Martin were deliberately indifferent to the Plaintiff's medical needs is not supported by sufficient facts to proceed.

As to the allegation that prison administrators failed to investigate Plaintiff's grievances or failed to follow their own established grievance procedure, Plaintiff has not provided sufficient factual support for such claims to survive. A plaintiff does not have a constitutionally protected liberty interest in the existence of a grievance procedure, so Plaintiff cannot properly maintain a Fourteenth Amendment claim that the defendants failed to follow any set grievance procedure. *See Owens*, 635 F.3d at 953; *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (grievance procedures do not give rise to a protected liberty interest).

Moreover, prison officials are entitled to rely upon the judgment of medical staff, and

they are not liable for deliberate indifference solely by way of ruling against a prisoner on a grievance. *See Arnett*, 658 F.3d at 755-56 ("If a prisoner is under the care of medical experts…a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *see also Adams v. Durai*, 153 Fed. App'x 972, 975 (7th Cir. 2005) ("An administrator does not become responsible for a doctor's exercise of medical judgment simply by virtue of reviewing an inmate grievance…"). In light of the paucity of evidence regarding the alleged failure to investigate grievances or to carry out a proper grievance procedure, Plaintiff's claims of this nature will be dismissed without prejudice for failure to provide enough factual information to state a claim or to put the defendants on notice of what that claim may be premised upon. Without specifying when or how Plaintiff submitted grievances, or how the handling of those grievances was improper, Plaintiff simply has not provided any factual support whatsoever for this type of claim. If anything, his Complaint suggests that he received medical appointments during 2015 and 2016, which would tend to indicate that Plaintiff was under an ongoing course of care by medical professionals. The quality of that care is obviously contested in the present suit, but absent evidence of when or how the administrators learned of or dealt with complaints, no claim can proceed under the theory of insufficient grievance handling.

As to the allegation that the administrators failed to maintain an adequate medical staff, Plaintiff has also failed to provide sufficient factual information to state a claim. "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson,* 131 S. Ct. 1350, 1360 (2011). The Seventh Circuit has held that systematic deficiencies in staffing that lead to unnecessary suffering may demonstrate deliberate indifference. *See Wellman v. Faulkner*, 715 F.2d 269, 272 (7th Cir. 1983). To establish deliberate indifference under this theory, a plaintiff

must show that "there are such systematic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Id.*.

Here, Plaintiff has not identified any specific systematic or gross deficiency or how the administrative defendants exhibited deliberate indifference to a particular issue. Bare recitation of the essential elements of a failure to train or failure to properly staff claim are not enough to give the defendants adequate notice of the claim being made against them. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955). Plaintiff has not listed times that he was unable to see a physician due to short staffing, he has not identified any physicians or medical personal by name or alleged that any specific personal provided poor care, and he has not claimed that there were no physicians available to see him for his medical issues. Though it is in some sense feasible, if as he alleges, he received no care for chronic pain or unidentified masses on his abdomen and testicles for more than two years, the medical staff was not properly trained or otherwise inadequate—the Court would have to make significant inferences to reach such a conclusion. The facts provided in the Complaint are not enough to put the Court or the opposing parties on notice of the nature of this claim. Accordingly, any claim for failure to train or to provide adequate medical staff against the prison administrators is hereby dismissed without prejudice.

In sum, Plaintiff has combined numerous claims against the administrative defendants—all sounding in a common theme of deliberate indifference. Despite the numerous legal theories identified, Plaintiff has failed to provide any real concrete facts linking any of the administrative defendants to a specific violation of his rights. Given the complete lack of concrete facts, all claims against the administrative defendants are being dismissed without prejudice at this time. It may be true that facts exist to support these claims, but Plaintiff simply has not identified a single shred of evidence tying these Defendants to these claims.

**Pending Motions**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 3) is hereby **GRANTED in part** as to Defendants **Wexford Medical Source, Inc., and John Coe,** and **DENIED** as to Defendants **Kimmel, Brooks, Higgins, Baldwin, Duncan, Moore, Tredway, Cunningham, and Martin**.

**Disposition**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendants **KIMMEL, BROOKS AND HIGGINS** for failure to state a claim upon which relief may be granted. **COUNT 2** is **DISMISSED** without prejudice against Defendants **BALDWIN, DUNCAN, MOORE, TREDWAY, CUNNINGHAM and MARTIN** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** shall receive further review against Defendants **WEXFORD MEDICAL SOURCE, INC., and JOHN COE.** With respect to **COUNT 1** the Clerk of Court shall prepare for **DEFENDANTS WEXFORD MEDICAL SOURCE, INC., and COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a

copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge **Frazier** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 5, 2016**

                                                                               s/ STACI M. YANDLE
                                                                               United States District Judge